**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KATHLEEN LAVENDER, individually
and as Executrix of the Estate of
John D. Lavender, Jr.,
<u>Plaintiff-Appellant,</u>

v.

No. 97-1997

CHAPMAN CORPORATION, a
Pennsylvania corporation,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CA-95-121-5)

Argued: January 29, 1998

Decided: February 20, 1998

Before RUSSELL, WIDENER, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Francis Dascoli, THE SEGAL LAW FIRM,
Charleston, West Virginia, for Appellant. Catherine Dabney Munster,
MCNEER, HIGHLAND, MCMUNN & VARNER, L.C., Clarksburg,
West Virginia, for Appellee. **ON BRIEF:** Scott S. Segal, Jeffrey V.
Mehalic, THE SEGAL LAW FIRM, Charleston, West Virginia, for

Appellant. James A. Varner, Tiffany R. Durst, MCNEER, HIGH-LAND, MCMUNN & VARNER, L.C., Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kathleen Lavender appeals a decision of the district court granting summary judgment to Chapman Corporation on Lavender's claim that Chapman knowingly and intentionally made fraudulent misrepresentations to the worker's compensation fund of West Virginia (the Fund). Finding no error, we affirm.

I.

In early 1993, Lavender's husband, John D. Lavender, Jr. (John), was diagnosed with leukemia. Shortly thereafter, John filed a claim for worker's compensation benefits, alleging on the claim form that his leukemia resulted from "repeated exposures to benzene while employed by Chapman Corporation." J.A. 201. The Chapman employee responsible for completing the employer's portion of the form asserted that John had not been exposed to chemicals while employed by Chapman. The claim was referred for an investigation, after which the Fund denied the claim. Subsequently, an administrative law judge awarded benefits on appeal.*

Following the award of benefits, Lavender filed this action in state court, alleging that Chapman knowingly and intentionally made false representations to the Fund on the claim form and during the investi-

_____

*John died during the pendency of the appeal, which was pursued by his wife.

2

gation of the claim. <u>See Persinger v. Peabody Coal Co.</u>, 474 S.E.2d 887, 896-99 (W. Va. 1996) (holding that an individual who has been awarded worker's compensation benefits may bring an action for fraudulent misrepresentation by the employer in connection with the claim). Chapman removed the action to federal court on the basis of diversity of citizenship, and the district court denied Lavender's subsequent motion to remand. After discovery, the district court granted summary judgment to Chapman on the basis that Lavender had failed to create a genuine issue of material fact with respect to at least one element of the tort of fraudulent misrepresentation.

II.

Lavender now contends that the district court erred in denying her motion to remand and in granting summary judgment to Chapman. Having had the benefit of oral argument and the parties' briefs, and after careful consideration of the record and the applicable law, we conclude that the district court correctly decided the issues before it. Accordingly, we affirm on the reasoning of the district court. <u>See</u> <u>Lavender v. Chapman Corp.</u>, No. 5:95CV121 (N.D. W. Va. June 25, 1997) (granting summary judgment); <u>Lavender v. Chapman Corp.</u>, No. 5:95CV121 (N.D. W. Va. Sept. 30, 1996) (denying motion for remand).

<u>AFFIRMED</u>

3